UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME MORRIS-BEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:09CV00895 RWS(LMB) |
| IAN WALLACE and CHRIS KOSTER, Attorney General for the State of Missouri,[1] | ) ) ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Jerome Morris-Bey for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted (Doc. No. 12), as well as a Supplemental Response (Doc. No. 23).

### Procedural History

Petitioner is presently incarcerated at Southeast Correctional Center in Charleston,

---

[1]Petitioner is currently incarcerated at Southeast Correctional Center. Ian Wallace, Warden of Southeast Correctional Center, is the proper respondent. As such, the court will substitute Ian Wallace as the respondent in this matter. See Rule 2(a), Rules Governing Section 2254 in the United States District Courts. In addition, because petitioner is subject to future custody pursuant to his consecutive sentences, Attorney General Chris Koster is a proper respondent. See Rule 2(b), Rules Governing Section 2254 in the United States District Courts.

1

Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. See Resp't Ex. B at 132-34. On April 23, 2008, petitioner was found guilty after a jury trial of unlawful use of a weapon and felony resisting arrest. See Resp't Ex. A at 352-53. He was sentenced to two consecutive terms of four years imprisonment. See Resp't Ex. B at 132-34.

Petitioner raised the following claims on direct appeal of his convictions: (1) the trial court erred in denying his motion to dismiss his case for violation of his right to a speedy trial due to the delay between the court's issuance of an arrest warrant and the execution of that warrant; (2) the trial court erred in denying his motion to dismiss his case for violation of his right to a speedy trial due to the delay between the filing of the indictment to the time of his trial; (3) the trial court plainly erred in allowing the State to prove petitioner was a prior and persistent felony offender after the jury rendered its verdict; and (4) the trial court erred in refusing petitioner's self-defense instruction. Resp't Ex. C at 13-17. On May 26, 2009, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions. Resp't Ex. E.

Petitioner filed a pro se motion to vacate, set aside, or correct the judgment of the Circuit Court of the City of St. Louis, Missouri, pursuant to Missouri Supreme Court Rule 29.15. See Resp't Ex. F at 3-24. On December 2, 2009, after appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. See id. at 31-57. Petitioner argued that he received ineffective assistance of counsel in that appellate counsel failed to assert in petitioner's direct appeal that the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence on the grounds that the State failed to make a submissible case as to the unlawful use of a weapon charge. See id. On January 12, 2010, the

motion court denied petitioner's motion for postconviction relief in all respects. See id. at 58-61.

In his single point on appeal from the denial of postconviction relief, petitioner argued that the motion court erred in denying his motion because he received ineffective assistance of counsel in that appellate counsel failed to challenge the sufficiency of the evidence on direct appeal. See Resp't Ex. G. On September 21, 2010, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the motion court. See Resp't Ex. I.

In the instant petition, filed pro se, petitioner raises the following claims: (1) "dismissal for lack of probable cause, with prejudice, also IAD law"; (2) "during sentencing the foreman was questioned about discussion of a crime I was convicted of"; (3) "the prosecutor was testifying for the rogue cops"; and (4) "confidential informant; the 911 phone call of the tipster-type informant." (Doc. No. 14). On May 14, 2012, respondent filed a Response to Order to Show Cause, in which respondent argues that petitioner's claims are procedurally defaulted and fail on their merits. (Doc. No. 23).

**I.      Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

## II.     Procedural Default

Respondent contends that petitioner has procedurally defaulted all of his claims by failing to present them to the Missouri Court of Appeals on either direct or postconviction relief appeal. It is well-established that the procedural default rule requires a habeas petitioner to pursue all

available avenues of relief in the state courts before the federal courts can consider the claim. See 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). In addressing this issue, a federal court must give deference to state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). By virtue of these considerations, "[a] federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented to the state courts the substance of his [or her] federal habeas corpus claim.'" Id. (quoting Martin v. Solem, 801 F.2d 324, 333 (8th Cir. 1986) (internal citations omitted)). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)), cert. denied, 513 U.S. 983 (1994).

In this case, petitioner did not raise any of his claims in his direct appeal or on appeal from the denial of postconviction relief. As such, petitioner's grounds for relief are procedurally barred in federal court.

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both 'cause' and 'actual prejudice' resulting from the alleged constitutional violations. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a

showing that interference by officials made compliance impracticable. Id. If a petitioner cannot show 'cause' for the procedural default, then the court need not determine whether actual prejudice has resulted. See Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987).

In the present case, petitioner alleges that he failed to raise these claims on direct appeal because "my appellate attorney argued only 4 points" and "she totally abandoned me." Petition at 6-11. The Eighth Circuit has held that "[i]neffective assistance of trial or appellate counsel may be cause excusing a procedural default." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citing Murray, 477 U.S. at 491-92). "However, in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Id. (citing Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000); Tokar v. Bowersox, 198 F.3d 1039, 1051 n. 13 (8th Cir.1999)). A claim of ineffective assistance of direct appeal counsel must be raised in a postconviction motion and on postconviction appeal. See Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005). Petitioner did not raise the claim that direct appeal counsel was ineffective for failing to raise the claims of trial error asserted in the instant petition in his postconviction relief motion or in the appeal from the denial of postconviction relief. As such, the ineffective assistance of direct appeal counsel claims are themselves procedurally barred, and cannot excuse petitioner's procedural default of the claims raised in his petition.

To the extent petitioner may contend that he established cause due to the failure of his postconviction motion counsel and his postconviction appellate counsel to pursue in petitioner's postconviction proceeding any claim that his direct appeal attorney provided ineffective assistance

in failing to raise the alleged trial errors, the court disagrees. The "ineffective assistance of postconviction counsel is not a cause for procedural default." Oglesby v. Bowersox, 592 F.3d 922, 925-26 (8th Cir. 2010). See Zeivogel v. Delo, 84 F.3d 276, 279 (8th Cir. 1996) (""[t]o establish cause, [petitioner] must show something beyond the control of postconviction counsel, like State interference, actually prevented postconviction counsel from raising the claims and presenting the evidence in state court"). Thus, any conduct by petitioner's postconviction motion and appeal counsel cannot establish cause for a failure to pursue a claim on direct appeal. Because no cause has been established for petitioner's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. Leggins, 822 F.2d at 768.

A federal habeas corpus court may also reach the merits of procedurally defaulted claims where the petitioner can demonstrate that a "miscarriage of justice" exception applies. See Murray, 477 U.S. at 496. This narrow exception is limited to extraordinary circumstances where actual innocence can be demonstrated. See id. The petitioner must show that a constitutional violation "probably resulted" in the conviction of an innocent person. See Schlup v. Delo, 513 U.S. 298, 326-29 (1995). However, a "bare, conclusory assertion" that a petitioner is actually innocent is insufficient to excuse a procedural default. Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997). Petitioner does not submit any new evidence of his actual innocence, nor does he allege that such evidence exists. Thus, petitioner has procedurally defaulted all four of his grounds for relief.

7

### III. Petitioner's Claims

As previously stated, petitioner has procedurally defaulted all four of his grounds for relief. Petitioner's claims fail on their merits as well.

**1. Ground One**

In his first ground for relief, petitioner alleges "dismissal for lack of probable cause, with prejudice, also IAD law." In support of this claim, petitioner states: "The 7-1-05 dismissal did in fact happen after my trial the judge said those issues can be raised at any time, so stated the judge. The then record they had only stated the dismissal was for lack of probable cause...also on IAD I sent out detainer letters on 3-14-07, so that happened too." (Petition at 6).

The docket sheet for petitioner's State criminal case does not reflect any dismissal, much less one for lack of probable cause. Resp't Ex. B at 1-8. Petitioner has failed to demonstrate a violation of federal law.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**2. Ground Two**

In his second ground for relief, petitioner alleges that "during sentencing the foreman was questioned about discussion of a crime I was convicted of." In support of this claim, petitioner states that the jury overheard the attorneys discussing petitioner's status as a prior offender as it was leaving the courtroom to deliberate, which rendered his trial unfair.

The trial court questioned the foreperson, Gary Harbstreet, who was the last juror to leave the courtroom, about whether the jury heard discussions between the court and the attorneys regarding petitioner's status as a prior offender. Resp't Ex. A at 31-35. Mr. Harbstreet

8

unequivocally stated that he heard no conversations at all as he was leaving the courtroom to deliberate, including any discussions concerning petitioner's prior offender status. Id. As such, the record refutes petitioner's claim

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

### 3. Ground Three

In his third ground for relief, petitioner alleges that "the prosecutor was testifying for the rogue cops." In support of this claim, petitioner states "the prosecutor repeatedly testified for the (witnesses=the police), the officers were impeached time & time again, there were inconsistent testimony in both state & federal court." (Petition at 9).

The prosecutor did not testify at petitioner's trial. Petitioner points to no particular statements of the prosecutor that he claims were improper. As such, petitioner's claim lacks merit.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

### 4. Ground Four

In his fourth ground for relief, petitioner alleges "confidential informant; the 911 phone call of the tipster-type informant." In support of this claim, petitioner states "I had a 911 tape delivered the day the trial begun, from my federal (paid panel attorney), after the illegal conviction I got my entire file late from the city clerk I told her to tell the judge therein I told the court I couldn't have a fair trial, my attorney addressed the court in agreement as well. The right to face my accuser is a supreme court ruling as well."

Petitioner does not allege a violation of clearly established federal law. As such, it does not state a cognizable claim for federal habeas corpus relief.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

## IV. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Jerome Morris-Bey for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  3rd  day of August, 2012.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE